**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEMERE GUILLORY, | No.   22-56142 |
| Petitioner-Appellant, | D.C. No. 3:17-cv-02084-CAB-BGS |
| v. | |
| TRENT ALLEN, Acting Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted February 16, 2024
Pasadena, California

Before:  TALLMAN, IKUTA, and OWENS, Circuit Judges.

California state prisoner Jemere Guillory appeals from the district court's

judgment on remand denying his 28 U.S.C. § 2254 habeas petition.  Guillory

claims that his Sixth Amendment right to a public trial was violated by the alleged

exclusion of his family members from the courtroom during jury selection.  We

review de novo a district court's denial of a § 2254 habeas petition.  *Bolin v. Davis*,

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

13 F.4th 797, 804 (9th Cir. 2021). As the parties are familiar with the facts, we do not recount them here. We affirm.

We review the California Court of Appeal's decision because it is the last "state-court decision that [] provide[s] a relevant rationale." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Under the Antiterrorism and Effective Death Penalty Act, § 2254 habeas petitions "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The California Court of Appeal denied Guillory's public trial claim on the ground that there was a "lack of any evidence in the record to support [Guillory's] contention that his family members were actually excluded from the courtroom during voir dire or that their exclusion was not de minimis." The California Court of Appeal noted that "[t]he record is silent regarding whether [Guillory's] family members were in fact excluded from the courtroom during any part of voir dire," and "the record also is silent regarding whether there was room for any or all of [Guillory's] family members when the 60 prospective jurors initially entered the

courtroom and voir dire first began, or the following day as voir dire continued, when prospective jurors were excused throughout the day and when a jury was seated at 3:04 p.m."

These findings were not an unreasonable determination of the facts under § 2254(d)(2). While the trial court stated that Guillory's family could not be present "during the jury selection because we just don't have room for them," there was no explicit order or other evidence in the record supporting they were actually excluded, and if so, how many were excluded and for how long. Further, the record supports that at least some members of the public were allowed to attend the second day of voir dire.

Guillory's contention that the California Court of Appeal's factual determination was unreasonable because it did not hold an evidentiary hearing is unpersuasive. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1147-48 (9th Cir. 2012) (explaining that while "[i]n some limited circumstances, . . . the state court's failure to hold an evidentiary hearing may render its fact-finding process unreasonable under § 2254(d)(2)," this court "may not 'second-guess a state court's fact-finding process' unless [this court] determine[s] 'that the state court was not merely wrong, but actually unreasonable'" (citation omitted)).

**AFFIRMED**.